NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL S.J. NOWICKI (Cal. Bar No. 304716)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8692
    Facsimile: (213) 894-0141
    E-mail:    Daniel.Nowicki2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00353-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DREW JOSEPH HENRY, | |
| Defendant. | **CURRENT TRIAL DATE:** 10-1-2019<br>**PROPOSED TRIAL DATE:** 3-17-2020 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daniel S.J. Nowicki, and defendant DREW JOSEPH HENRY ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Nadine C. Hettle, hereby stipulate as follows:

    1.    The Indictment in this case was filed on June 13, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 7, 2019. The

1 | Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2 | trial commence on or before October 16, 2019.
3 |     2.    On August 7, 2019, the Court set a trial date of October 1,
4 | 2019 at 8:30 a.m.
5 |     3.    Defendant is detained pending trial. The parties estimate
6 | that the trial in this matter will last approximately three days.
7 |     4.    By this stipulation, defendant moves to continue the trial
8 | date to March 17, 2020, the pretrial motion hearing and status
9 | conference date to March 9, 2020, and to continue the motion schedule
10 | as follows: pretrial motions filed on February 17, 2020, oppositions
11 | filed on February 24, 2020, and optional replies filed on March 2,
12 | 2020. This is the first request for a continuance.
13 |     5.    Defendant requests the continuance based upon the following
14 | facts, which the parties believe demonstrate good cause to support
15 | the appropriate findings under the Speedy Trial Act:
16 |     a.    Defendant is charged with a violation of 28 U.S.C.
17 | § 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death.
18 | The government has produced discovery to the defense, including
19 | hundreds of pages of written reports and several video recordings.
20 |     b.    Defense counsel is presently scheduled to be in the
21 | following trials: (1) a conspiracy and drug distribution trial on
22 | September 24, 2019 in United States v. Bustamante, et al., CR 19-447-
23 | ODW, which is estimated to last two to three days; (2) an assault
24 | trial on October 1, 2019 in United States v. Etheridge, et al., CR
25 | 17-112-JAK, which is estimated to last two to three days; (3) a
26 | conspiracy, drug possession, and firearm possession trial on October
27 | 8, 2019 in United States v. Garza, et al., CR 16-684-CAS, which is
28 | estimated to last two to three days; (4) a conspiracy and identity

theft trial on October 15, 2019 in United States v. Cai, et al., CR 19-145-JAK, which is estimated to last two to three days; (5) an assault trial on November 5, 2019 in United States v. Aviles, CR 18-175-CAS, which is estimated to last two to three days; (6) a conspiracy and drug possession trial on November 19, 2019 in United States v. Gomez, et al., CR 17-64-CAS, which is estimated to last two to three days; (7) a counterfeiting trial on November 26, 2019 in United States v. Rice, CR 18-902-VAP, which is estimated to last two to three days; (8) a counterfeiting trial on December 3, 2019 in United States v. Iheanacho, CR 18-383-GW, which is estimated to last two to three days; a conspiracy and drug possession trial on December 3, 2019 in United States v. Mejia, et al., CR 18-705-JAK, which is estimated to last two to three days; (9) a felon in possession of a firearm trial on December 10, 2019 in United States v. Solis, CR 18-368-CAS, which is estimated to last two to three days; (10) a counterfeiting trial on January 14, 2020 in United States v. Von Hesse, CR 19-325-JAK, which is estimated to last two to three days; (11) a firearms trial on January 21, 2020 in United States v. Carbajal, CR 19-345-TJH, which is estimated to last two to three days; (12) a conspiracy and drug possession trial on January 21, 2020 in United States v. Lopez-Medina, et al., CR 19-446-DMG, which is estimated to last two to three days; (13) a felon in possession of a firearm trial on February 11, 2020 in United States v. Estrada, CR 18-530-TJH, which is estimated to last two to three days; and (14) an illegal reentry trial on February 25, 2020 in United States v. Rosas Placencia, CR 18-239-CAS, which is estimated to last two to three days. Accordingly, counsel represents that she will not be available to try this case on the current trial date and will not have the time

that she believes is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 18, 2019 to March 17, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that:

(i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 18, 2019           Respectfully submitted,

                                    NICOLA T. HANNA
                                    United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    _____
                                    DANIEL S.J. NOWICKI
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I am DREW JOSEPH HENRY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 17, 2020 is an informed and voluntary one.

_____    9/24/19
Nadine C. Hettle                    Date
Deputy Federal Public Defender
Attorney for Defendant
DREW JOSEPH HENRY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 17, 2020.

_____    9/24/19
DREW JOSEPH HENRY                   Date
Defendant