UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.: **CR 19-353(A)-MWF**  Date: May 13, 2024

Present: The Honorable: **MICHAEL W. FITZGERALD, United States District Judge**

Interpreter: Not Applicable

| Rita Sanchez | Amy Diaz | Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Drew Joseph Henry | Waived | X | | Richard W. Raynor, CJA | X | X | |

**Proceedings:** **ZOOM RESTITUTION HEARING AND ORDER**

The Courtroom Deputy Clerk issues the Court's tentative ruling, prior to the hearing.

The case was called, and counsel make their appearances. Defendant Drew Henry did not appear pursuant to a prior waiver of appearance. The Court invites counsel to present their oral arguments. Arguments by counsel are heard.

Before the Court is the Government's request for restitution on behalf of the deceased victim's mother (I.A.), his father (D.A.), and his brother (J.A.) pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. (Government's Memorandum (Docket No. 125)). Defendant Drew Joseph Henry filed his Restitution Memorandum and Objections on May 9, 2024. (Defendant's Memorandum (Docket No. 131)).

Based upon the arguments presented at the hearing, the parties' filings relating to the issue of restitution, and all the files and records in this case, the Court **ORDERS** Defendant to pay restitution in the amount of **$5,200.31 to D.A. and $2,034.88 to I.A.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2024, Defendant was sentenced to 156 months in prison after pleading guilty to one count of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). (Docket No. 123). The Court set a hearing on the remaining issue of restitution for May 13, 2024. Defendant waived his presence at the restitution hearing. (*See* Docket No. 122).

## II.   LEGAL AUTHORITY

Under the VWPA, a court "may order . . . that the defendant make restitution to any victim of [a covered offense], or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(1)(A). A "victim" is "a person directly and proximately harmed as a result of" the offense for which restitution is authorized. 18 U.S.C. § 3663(a)(2). "The main inquiry for causation in restitution cases is whether there was an intervening cause, and, if so, whether this intervening cause was directly related to the offense conduct." *United States v. Hackett*, 311 F.3d 989, 990 (9th Cir. 2002).

The government bears the burden of proof for "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e)

## III.   DISCUSSION

### A.   Defendant's General Objections

The Court first addresses Defendant's general objections to a restitution order. (Defendant's Memorandum at 24–26). Defendant argues, for example, that a restitution order would violate his due process rights. (*Id.*). The Court is not persuaded.

The Ninth Circuit has held that criminal defendants are "not entitled to a jury trial on the issue of the amount of restitution liability." *United States v. Keith*, 754 F.2d 1388, 1392 (9th Cir. 1985). Additionally, "[w]here, as here, the amounts to be included in the restitution order are itemized, the objections are to their inclusion rather than to their amount, and the amounts

claimed by the victim do not appear unreasonable on their face, due process is satisfied by affording the defendant an adequate opportunity to present his objections." *Id.*

Accordingly, Defendant's objections are **OVERRULED**.

### B.     The VWPA Factors

As a threshold matter, the Court concludes that it has the authority to order restitution under the VWPA because a violation of 21 U.S.C. § 841 is a covered offense. *See* 18 U.S.C. § 3663(a)(1)(A).

The Court also concludes that I.A., D.A., and J.A. are all "victims" of Defendant's conduct as defined by the VWPA. Here, the conduct underlying Defendant's plea agreement – his knowing possession of fentanyl with the intent to distribute – directly and proximately caused the victims' harm. *See Hughey v. United States*, 495 U.S. 411, 413 (1990) ("[T]he language and structure of the [VWPA] make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction."). Even if other factors contributed to N.A.'s death as Defendant contends (*see* Defendant's Memorandum at 25), it appears to be undisputed that Defendant "created the circumstances under which the harm" – N.A.'s death – occurred. *United States v. Spinney*, 795 F.2d 1410, 1417 (9th Cir. 1986); *see also Hackett*, 311 F.3d at 990 (holding that the defendant, who pleaded guilty to aiding and abetting the manufacture of methamphetamine and merely procured the ingredients used in the manufacturing process, caused the insurer's loss after his co-defendant started a fire while making methamphetamine).

Next, in determining whether to order restitution, the Court must consider (1) "the amount of the loss sustained by each victim as a result of the offense"; and (2) "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents," and (3) "other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i). District courts may also decline to order restitution where "the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims." 18 U.S.C. § 3663(a)(1)(B)(ii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

1. **Victims' Loss**

The Court first considers the amount of loss sustained by each victim as a result of the offense. The Government seeks restitution for the following economic losses: (a) travel expenses in participating in the investigation and proceedings related to the offense; (b) funeral expenses; (c) medical expenses; (d) D.A. and I.A.'s lost income; and (e) N.A.'s lost income.

***Travel Expenses***: The VWPA authorizes reimbursement of "transportation[] and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663(b)(4). Relying on this provision, the Government seeks $1,622.40 in travel costs incurred by D.A. in participating in the prosecution of the offense and attending court proceedings and $1,459.88 incurred by I.A. in emergency travel expenses related to N.A.'s death and traveling to court proceedings. (Government's Memorandum at 9). Defendant does not dispute these amounts.

Accordingly, restitution may be ordered for D.A.'s and I.A.'s travel expenses under § 3663(b)(4).

***Funeral Expenses***: The VWPA also authorizes restitution for "the cost of necessary funeral and related services" in cases resulting the death of a victim. 18 U.S.C. § 3663(b)(3). Pursuant to this provision, the Government seeks funeral costs in the amount of $3,304.78 incurred by D.A. and $575 incurred by I.A. (Government's Memorandum at 10). Again, Defendant does not challenge these expenses.

Accordingly, restitution may be ordered for the funeral expenses incurred by D.A. and I.A.

***Medical Expenses***: The VWPA provides that "in the case of an offense resulting in bodily injury to *a* victim," a district court may order the defendant to "reimburse *the* victim" in the amount "equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care." 18 U.S.C. § 3663(b)(2). The Government relies on this provision in seeking reimbursement of I.A. and J.A.'s grief counseling in the amount of $2,740 and $15,000, respectively. (Government's Memorandum at 10).

In opposing this request, Defendant challenges the inclusion of these costs and argues that, in any event, the Government's evidence is insufficient to support its calculations. (Defendant's Memorandum at 21–22). The Court agrees.

In *United States v. Hicks*, the Ninth Circuit held that "[t]he cost of psychological counseling can be included in a restitution order only when the victim has suffered physical injury." 997 F.2d 594, 601 (9th Cir. 1993); *see also United States v. Follett*, 269 F.3d 996, 1001 (9th Cir. 2001) (same); *see also United States v. Benally*, 550 F. App'x 382, 384 (9th Cir. Dec 18, 2013) (unpublished) (same). The Ninth Circuit has further held "that 'the victim' of § 3663(b)(2)(C) must refer to the same 'victim' as the first clause of § 3663(b)(2)." *United States v. Dayea*, 73 F.3d 229, 231 (9th Cir. 1995).

The Government argues that *Dayea* is distinguishable because it dealt with lost income, not psychological care. (Defendant's Memorandum at 21–22). While the Court agrees that *Dayea* is factually distinct in this regard, it is still instructive insofar as it interprets the specific statutory provision on which the Government relies.

Accordingly, the Court concludes that the medical expenses incurred by I.A. and J.A. must be excluded from the total restitution.

*Parents' Lost Income*: The VWPA also authorizes restitution "for lost income . . . related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663(b)(4). Relying on this provision, the Government seeks lost wages incurred by D.A., totaling $22,429.44, and I.A., totaling $2,877.36. (Government's Memorandum at 11–12).

Defendant disputes the inclusion of D.A.'s and I.A.'s lost income in the restitution order. (Defendant's Memorandum at 18–20). In so arguing, Defendant relies on *Dayea*, where the Ninth Circuit held that the VWPA "authorizes restitution for lost income in two circumstances: where a victim has suffered bodily injury, § 3663(b)(2); *or* where the victim incurs expenses 'related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense,' § 3663(b)(4)." 73 F.3d at 231 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Here, the Government does not contend that either D.A. or I.A. suffered bodily injury. Nor is the Court persuaded that the total amount of lost wages the Government seeks is a ***direct result of*** D.A.'s and I.A.'s participation in the investigation/prosecution of the offense or their attendance at the proceedings in this matter.  The only concrete example the Government provides is the day of N.A.'s death when D.A. missed work in order to speak to investigators. (*See* Government's Memorandum at 12; *see also* Docket No. 129 at 3).  The Court therefore concludes that D.A. incurred one day of lost wages ($275.13) related to his participation in the Government's investigation.  (*See* Docket No. 129 at 3).

Accordingly, D.A. and I.A.'s lost income cannot be included in the restitution order, with the exception of $275.13 in lost wages incurred by D.A. when he spoke to investigators.

***Deceased's Lost Future Income***: Under the VWPA, "[i]n the case of an offense resulting in bodily injury to a victim," restitution may include "income lost by such victim as a result of such offense."  18 U.S.C. § 3663(b)(2)(C).  In *Dayea*, the Ninth Circuit held "that 'the victim' of § 3663(b)(2)(C) must refer to the same 'victim' as the first clause of § 3663(b)(2)."  73 F.3d at 231.  In other words, "to be eligible for lost income compensation under § 3663(b)(2), a victim must personally suffer bodily injury."  *Id.*

The Government contends that § 3663(b)(2)(C) justifies inclusion of N.A.'s lost income in the Court's restitution order.  (Government's Memorandum at 12–13).  At the hearing, the Government persuasively argued that the N.A.'s estate qualifies for recovery of his lost future income under the VWPA as N.A. is a victim of Defendant's conduct.

Although the VWPA authorizes awarding N.A.'s lost future income to his estate, the Court declines to do so here.  The Court is persuaded by the arguments raised in Defendant's memorandum and again at the hearing regarding the Seventh Circuit's reasoning in *United States v. Fountain*, 768 F.2d 790, 801–02 (7th Cir. 1985) (cited approvingly by the Ninth Circuit in *United States v, Laney*, 189 F.3d 954, 967 n.14 (9th Cir. 1999)).  *Fountain* held that "an order requiring a calculation of lost future earnings unduly complicates the sentencing process and hence is not authorized by the [VWPA]—unless, to repeat a vital qualification, the amount is uncontested, so that no calculation is required."  *Id.* at 802.  In so holding, the Seventh Circuit distinguished between past and future earnings, noting that "the calculation of

lost future earnings involves the difficult problem of translating an uncertain future stream of earnings into a present value." *Id.*

Similarly, here, Defendant objects to the Government's calculation of N.A.'s lost future income on several grounds, many of which raises material disputes that cannot be resolved without unduly complicating the sentencing process. (*See* Defendant's Memorandum at 15–18). In the absence of any indicia that the Ninth Circuit disagrees with the reasoning of *Fountain*, the Court declines to exercise its discretion to order Defendant to pay N.A.'s lost future income. *See* 18 U.S.C. § 3663(a)(1)(B)(ii) ("To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.").

Although the Government points to *United States v. Cienfuegos*, 462 F.3d 1160, 1164–65 (9th Cir. 2006), as an example where the Ninth Circuit ordered restitution for the decedent's future lost income, that case is inapposite because it concerned the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Indeed, as *Cienfuegos* recognized, the MVRA and VWPA are "different statute[s]" as the former does not contain the same "complexity exception" outlined in § 3663(a)(1)(B)(ii). *Id.* at 1168.

Accordingly, the Court declines to include N.A.'s lost future income in the restitution order.

### 2. Defendant's Finances

Next, under the second factor, the Court considers Defendant's financial resources and ability to pay. Defendant argues that he cannot now and will not in the foreseeable future be able to pay anything more than "symbolic restitution." (Defendant's Memorandum at 13). In so arguing, Defendant points to his $10 hourly wage prior to incarceration and his current lack of income or other assets of significant value. (*Id.* at 14). Defendant further argues that his future employment prospects upon release will likely be at or near the minimum wage, which he will need to support himself. (*Id.* at 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Nevertheless, "the Ninth Circuit does not require that the defendant be able to pay in order to justify a restitution award. Imposing restitution on indigent persons is deemed appropriate in the Ninth Circuit because the defendant's future financial status is indeterminable and could change." *United States v. Jackson,* 982 F.2d 1279, 1284 (9th Cir. 1992) (citing *United States v. Smith*, 944 F.2d 618, 623 (9th Cir. 1991); *United States v. Ryan*, 874 F.2d 1052, 1054 (5th Cir. 1989)). Here, although Defendant's earning history is not significant, that could certainly change. Moreover, Defendant may receive a bequest. Finally, "[e]ven some payment in the future, no matter how miniscule it might be in relation to the victim's loss, would be in keeping with the philosophy of the Act." *Ryan*, 874 F.2d at 1054.

Based on the foregoing, the Court exercises its discretion to order restitution. Accordingly, Defendant is **ORDERED** to pay restitution in the total amount of **$7,235.15. $5,200.31 to D.A. and $2,034.88 to I.A.**

Upon consideration of Defendant's economic circumstances, the Court finds that the payment of restitution shall be due during the term of imprisonment at the rate of not less than $25.00 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. Any unpaid amount of restitution remaining upon Defendant's release from custody shall be paid at a rate of $100.00 per month, or 10% of Defendant's gross monthly income, whichever is greater, during the period of supervised release. These payments shall begin 30 days after supervision begins.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

A separate amended judgment shall issue.

Time: ___:20___

Initials of Clerk: rs